UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MARITZA BURGIE,

                              Plaintiff,

EURO BROKERS, INC., *et al.*,

                              Defendants.
------------------------------------------------------------------------ x

<u>ORDER</u>

05 CV 968 (CPS) (KAM)

MATSUMOTO, United States Magistrate Judge:

        By letter dated September 26, 2005, Ruth Pollack, counsel for plaintiff, requested that a hearing be held in connection with a pending Fed. R. Civ. P. 37 sanctions motion brought by defendant Euro Brokers Inc. <u>See</u> Letter from Ruth Pollack, Esq. to Magistrate Judge Kiyo Matsumoto dated Sept. 25, 2005 [Docket No. 26]. The purpose of the hearing, as proposed by plaintiff, is to "set forth the circumstances which made meeting deadlines so difficult and so that [plaintiff] can show the Court the circumstances outside of [her] control which required [her] to ask for time and a flexible schedule."

        Defendant Euro Brokers Inc. opposes the request for a hearing in connection with the pending sanctions motion because the request "is neither timely requested nor necessary." <u>See</u> Letter from Marjorie Berman, Esq. to Magistrate Judge Kiyo Matsumoto dated Sept. 27, 2005 [Docket No. 27]. For the reasons set forth below, the Court denies, at this time, plaintiff's request for a hearing without prejudice and grants plaintiff's counsel a final opportunity to supplement her opposition to defendant's sanctions motion by October 14, 2005. Defendant Euro Brokers may submit a reply, if any, by October 21, 2005, and supplement any request for attorneys' fees with contemporaneous time records.

1

At this stage, the Court finds that an evidentiary hearing is premature and unwarranted on the grounds that the defendant's Rule 37 motion has not been fully briefed, despite repeated Court orders granting plaintiff's counsel several extensions of time, noting deficiencies in plaintiff's submissions, and affording plaintiff ample opportunity to address those deficiencies.

1. *The Court's Order of August 2, 2005*

On August 2, 2005, the Court ordered plaintiff and her counsel to show cause "why defendant's request for sanctions, pursuant to Fed. R. Civ. P. 37, should not be granted for plaintiff's repeated failures to comply with court orders or timely seek extensions of time." See Order dated Aug. 2, 2005.

2. *The Court's Order of August 5, 2005*

In response to a letter dated August 2, 2005 from Ms. Pollack requesting that her client's time to serve initial disclosures and discovery requests be extended to August 26, 2005 [Docket No. 21], the Court entered a second order on August 5, 2005 which, among other things, reminded plaintiff that, "as ordered on 8/2/05, she and her counsel are expected to show cause by ECF, on or before 8/10/05, why defendant Euro Brokers' request for sanctions pursuant to Fed. R. Civ. P. 37 should not be granted. The plaintiff and her counsel must explain fully why they have failed to comply with this court's orders . . . ." See Order dated Aug. 5, 2005.

3. *The Court's Order of August 15, 2005*

On August 10, 2005, plaintiff did not respond to the Court's August 2, 2005 show cause order and did not seek an extension of the deadline. However, by letter dated August 11, 2005, plaintiff's counsel claimed, among other things, that an "all day" arbitration on August 10, 2005 precluded her from speaking to her client and thus obtaining the information needed for her

show cause submission, and that she could not electronically file a letter seeking an extension of time because her "email did not function." See Letter from Ruth Pollack to Magistrate Judge Kiyo Matsumoto, dated Aug. 11, 2005 at 1 [Docket No. 22]. Plaintiff also claimed that she could not "properly ECF [her] client's personal and confidential medical records [on August 10, 2005] but would have to deliver them to chambers to protect her privacy rights in an effort to oppose the sanctions application."[1] Id.

Plaintiff's August 11, 2005 letter also asserted several grounds for denying defendant's Rule 37 motion: (1) plaintiff is disabled and needs "a reasonable amount of additional time" to meet with her attorney "when she is medically capable"; (2) plaintiff's injuries are "well documented" and her attorney Ms. Pollack "took the case just before [she] became partially disabled with ovarian cancer"; (3) plaintiff suffers from "Major Depression, Post Traumatic Stress Disorder, heightened fears of terrorism since the war, sleeplessness, personality changes, skin rashes, weight gain, suicidal ideations and on and on"; (4) defendant Euro Brokers refused to cooperate with plaintiff prior to the commencement of this suit; and (5) sanctions are unwarranted at this stage because the case was commenced in 2005 and is relatively new. Id. at 2-3.

During a show causing hearing held on August 15, 2005, the Court noted that plaintiff's August 11, 2005 opposition letter did not: (1) sufficiently set forth the dates and specific measures that plaintiff and her attorney took to comply with the Court's discovery orders dated June 16, 2005 and June 28, 2005; (2) support her claims of mental and physical incapacity with "current medical documentation regarding plaintiff's current mental, emotional

---

[1] To date, no medical records have been delivered to chambers.

3

and physical condition and the effect that her condition has on her ability to prosecute her action and comply with the Court's orders and respond to defendant's discovery requests"; and (3) explain why she failed to seek timely extensions of her time to respond to the Court's prior discovery orders. See Minute Entry for Show Cause Hearing Held on August 12, 2005. Among other things, the Court ordered plaintiff and her counsel to supplement her showing of cause by setting forth the specific dates and measures plaintiff took to comply with the Court's orders and the reasons why plaintiff did not timely seek extensions to comply with Court orders. The Court also ordered plaintiff to provide medical documentation of her current medical condition with specific information regarding how her condition has affected her ability to prosecute her claim and respond to the Court's orders. Id. Plaintiff's supplemental submission was due on August 24, 2005.

### 4. *The Court's Order of August 24, 2005*

By letter dated August 23, 2005, plaintiff's counsel sought a first extension of the August 24, 2005 deadline to supplement her showing of cause. See Letter from Ruth Pollack to Magistrate Judge Kiyo Matsumoto dated Aug. 23, 2005 [Docket No. 23]. In her request, Ms. Pollack claimed that plaintiff's psychologist, Dr. Maureen Kaley, had called on August 22, 2003 to say that she had been away on vacation and had just started to compile plaintiff's medical documentation. Ms. Pollack's letter further stated that she "reasonably require[d]" an extended deadline of September 7, 2005 to include, as part of her supplemented show cause submission, information from health care providers "due to their schedules and my vacation of August 26, 2005 through September 5, 2005." Id.

By order dated August 24, 2005, the Court granted the request and extended plaintiff's deadline to submit the supplemented show cause by September 7, 2005. See Order dated Aug. 24, 2005.

5. *The Court's Order of September 8, 2005*

On September 8, 2005, one day after the supplemented show cause deadline had passed, plaintiff's counsel submitted a second request to extend the deadline to September 16, 2005 so that she could receive reports from plaintiff's psychiatrist and psychologist. See Letter from Ruth Pollack to Magistrate Judge Kiyo Matsumoto, dated Sept. 8, 2005 [Docket No. 24]. Ms. Pollack represented that the extension was necessary because plaintiff's physicians "have been on vacation and despite my calls . . . I could not relay the requirements to them except by a facsimile," and that plaintiff's psychologist, Dr. Maureen Kaley, "will be able to prepare the documentation required by this Court within the next week, possibly sooner." Id.

By order dated September 8, 2005, the Court granted the extension until September 16, 2005 and added that "Ms. Pollack . . . should not expect nor request any further extensions of time." See Order dated Sept. 8, 2005. In granting the extension, the Court observed that Ms. Pollack's September 8 letter to the Court failed to set forth the frequency, specific dates and means by which she attempted to contact plaintiff's psychologist and psychiatrist, and did not include a copy of the facsimile that was purportedly sent to the medical experts. Id.

Ms. Pollack again failed to respond to the September 16, 2005 deadline and did not communicate with the Court until she filed her letter dated September 26, 2005, which included the instant request for a hearing but did not address her failure to comply with the

5

September 16, 2005 deadline, nor include the supplemental information sought in the Court's prior orders.

Accordingly, the Court grants Ms. Pollack a final extension of October 14, 2005, in which she must completely satisfy her obligations to supplement her showing of cause, including but not limited to, an explanation of her failures or inabilities to comply with Court orders by sworn affidavit and supporting records.[2] Defendant Euro Brokers may submit a reply, if any, by October 21, 2005, and supplement any request for attorneys' fees with contemporaneous time records.

SO ORDERED.

Dated: September 30, 2005
       Brooklyn, New York

/s/
Kiyo A. Matsumoto
United States Magistrate Judge

---

[2] The Court is in receipt of a four-page affidavit dated August 15, 2005 from plaintiff in opposition to defendant's application for sanctions. This affidavit, however, was forwarded to chambers by defense counsel and was never filed electronically with the Court nor delivered to chambers as a courtesy copy. Because this affidavit is outside the Court record, Ms. Pollack is directed to properly ECF file the affidavit along with her final submissions to the Court by October 14, 2005.