```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Maritza Burgie,
                                          CV-05-0968
                    Plaintiff,            (CPS)

       - against -                        MEMORANDUM
                                          OPINION AND
Euro Brokers, Inc. and First Unum Life    ORDER
Insurance Company,

                    Defendants.

----------------------------------------X
```

SIFTON, Senior Judge.

On February 18, 2005 plaintiff Maritza Burgie commenced this action against defendants Euro Brokers, Inc. ("Euro Brokers") and First Unum Life Insurance Company ("Unum") alleging that Euro Brokers terminated her employment in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2617(a), the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq.*, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101*, et seq.* and that Unum failed to process forms and materials submitted by plaintiff, denied her benefits under her disability policy and terminated her policy in violation of ERISA, the ADA and in breach of its contract with her.  Plaintiff now moves to have this Court recuse itself from further involvement with this matter.  For the reasons stated below, this motion is denied.

**Background**

On January 1, 2007, this Court ordered that the plaintiff, her attorney Ruth Pollack, and the defendants appear for a hearing regarding a potential conflict of interest; that hearing, after adjournments, took place on February 1, 2007. On January 26, 2007, this Court granted Unum's motion to dismiss and motion for summary judgment.[1] *See Burgie v. Euro Brokers, Inc.,* 2007 WL 210419, at *1 (E.D.N.Y. 2007). Plaintiff now requests that the undersigned voluntarily recuse himself.

**Discussion**

"The judge to whom a recusal motion is addressed is presumed to be impartial . . . and there is a substantial burden on the moving party to show that the judge is not impartial." *McCann v. Communications Design Corp.,* 775 F.Supp. 1506, 1522 (D.Conn. 1991) (internal citations omitted).

Plaintiff first argues that this Court's grant of summary judgment demonstrates "confusion or bias." However, "[t]hat petitioner has not prevailed in [her] litigations does not demonstrate reason for recusal." *Ennis v. Hoke,* 1987 WL 13201, at *1 (E.D.N.Y. 1987). This Court's legal and factual findings are detailed in its written opinion on summary judgment which

---

[1] The Court also granted leave to plaintiff to amend her ADA claim.

plaintiff is free to appeal.[2]

Plaintiff further argues that in the conduct of the hearing on potential conflicts the Court inappropriately tried to "separate and alienate" Pollack from her client. It is, however, mandatory for a court to make a party aware of the potential conflicts facing his or her attorney. *See Dunton v. County of Suffolk*, 729 F.2d 903 (2d Cir. 1984). Plaintiff's attorney's handing of plaintiff's case, including her response to defendant's motion for summary judgment, and her conduct, as described in the Magistrate Judge's sanctions order and in prior court cases, all involved matters of which the Court was obligated to ensure that the plaintiff herself was aware, both in her own interest and in order that to avoid a collateral attack on the result of this litigation should it be unfavorable to the plaintiff. Plaintiff's attorney's complaint that the conflict hearing occurred without notice is disingenuous. The Court ordered the hearing on January 5, 2007 and plaintiff's attorney filed two requests for adjournment of that hearing date. Notice of the basis for the Court's concern about conflict was what the conflict hearing was all about - to give both client and attorney an opportunity to hear and consider the potential for conflict.

Finally, plaintiff alleges that this Court improperly

---

[2] Plaintiff's attorney again fails to acknowledge the distinction between the standard for a motion to dismiss and that for summary judgment, stating in her affidavit on this motion that on summary judgment "the facts as plead [sic] must be presumed true."

engaged in *ex parte* discussions regarding plaintiff's attorney. The short answer to this allegation is that no such discussions occurred.  Plaintiff, moreover, points to no facts which would support such a charge.  I harbor no bias or prejudice against plaintiff or her counsel, only a concern that they work together to do the best job they can in presenting plaintiff's case. Accordingly, the motion for voluntary recusal is denied.

## Conclusion

For the reasons set forth above, plaintiff's motion for voluntary recusal is denied.  The Clerk is directed to transmit a copy of the within to the parties and the Magistrate Judge.

SO ORDERED.

Dated :   Brooklyn, New York
          February 28, 2007

                    By: /s/ Charles P. Sifton (electronically signed)
                                    United States District Judge