UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Maritza Burgie,

                          Plaintiff,

     - against -

Euro Brokers, Inc. and First Unum Life
Insurance Company,

                          Defendants.

----------------------------------------X

CV-05-0968
(CPS)

MEMORANDUM
OPINION AND
ORDER

SIFTON, Senior Judge.

     Plaintiff Maritza Burgie brings this action against

defendants Euro Brokers, Inc. ("Euro Brokers") and First Unum

Life Insurance Company ("First Unum") alleging that Euro Brokers

terminated her employment in violation of the Family and Medical

Leave Act ("FMLA"), 29 U.S.C. §2617(a), the Employee Retirement

Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq.*,

and the Americans with Disabilities Act of 1990 ("ADA"), 42

U.S.C. §12101*, et seq.,* and that First Unum denied her benefits

under her disability policy in violation of ERISA and the ADA and

in breach of its contract with her. Now before this Court is an

appeal by plaintiff's counsel Ruth Pollack, Esq ("Pollack")[1] from

---

[1] Although plaintiff's counsel purports to bring this appeal on behalf
of both her client and herself, since the Magistrate Judge's order awarded
sanctions solely against plaintiff's counsel, it is questionable wether
plaintiff has standing to appeal. *Marshak v. Tonetti*, 813 F.2d 13, 21 (1st
Cir. 1987)(client-appellant has no standing to appeal financial sanctions
against attorney); *Bartels v. Sports Arena Employees Local 137*, 838 F.2d 101,
104 (3d Cir. 1988)(same). Cf. *Corporation of the Presiding Bishop of the
Church of Jesus Christ of Latter-Day Saints v. Associated Contractors, Inc.,*

the opinion and order of Magistrate Judge Matsumoto, granting in part defendant Euro Brokers' motion for sanctions for discovery abuse pursuant to Fed. R. Civ. P. 37.[2] For the reasons set forth below the Magistrate Judge's opinion and order is affirmed.

**BACKGROUND**

Familiarity with the underlying facts of this case, as set forth in prior decisions, is presumed. Only those facts relevant to the present motion are discussed.

On February 18, 2005 plaintiff filed her complaint. Because plaintiff wished to file an amended complaint and defendants wanted more time to answer the complaint, on April 26, 2005 the parties requested, and I established, the following schedule: (1) plaintiff to serve and file her amended complaint by May 13, 2005; (2) defendant Euro Brokers to respond to the complaint by June 9, 2005; (3) plaintiff to respond to any motion filed addressed to the complaint by defendant Euro Brokers by July 18, 2005; and (4) defendant Euro Brokers to serve its reply brief by August 1, 2005. On May 11, 2005 the Magistrate Judge issued a pretrial order scheduling an initial conference on June 14, 2005.

---

877 F.2d 938 (11th Cir. 1989)(appeal in name of client of award of fees against attorney permitted: "because of the close privity between a lawyer and his client with respect to the conduct of litigation, it would be unjust to refuse to hear counsel's appeal").

[2] As an alternative basis for sanctions the Magistrate Judge relied on Fed. R. Civ. P. 16(f) which allows a court on its own initiative to impose sanctions if "a party or a party's attorney fails to obey a scheduling or pretrial order," applying the same standards developed with respect to Rule 37(b)(2).

The order directed the parties to exchange Rule 26(a)(1) mandatory disclosures and confer with each other regarding a discovery scheduling plan and initial conference questionnaire prior to the June 14, 2005 conference, and directed plaintiff's counsel to confirm that defense counsel for both Euro Brokers and First Unum were aware of the conference.

Plaintiff did not serve or file her amended complaint by the May 13, 2005 deadline. In order to comply with the April 26, 2005 order, on June 9, 2005 defendant Euro Brokers filed its answer to the original complaint. By letter dated June 10, 2005, Marjorie Berman ("Berman"), counsel for defendant Euro Brokers, informed Magistrate Judge Matsumoto that she had emailed and telephoned plaintiff's counsel in order to discuss a discovery plan and mandatory disclosures as required by the May 11, 2005 order, but had received no response. Berman also noted that plaintiff had failed to serve her amended complaint, as directed in the April 26, 2005 order, and had not confirmed defense counsel's attendance at the June 14, 2005 conference, as required by the initial conference order.

On June 14, 2005 the initial conference was held. Despite plaintiff counsel's representation that she had informed defendant First Unum's counsel of the conference, no one appeared at the conference on behalf of First Unum. At the conference, the Magistrate Judge ordered that (1) the parties complete Rule 26(a)

initial disclosures, and the plaintiff provide authorizations for the release of medical, insurance, and financial records by June 24, 2005; (2) written discovery requests be served by July 5, 2005; and (3) the parties appear for a status conference on August 12, 2005. When plaintiff's counsel stated that she was not certain when the plaintiff would be able to provide the required documents. Magistrate Judge Matsumoto directed plaintiff's counsel, if plaintiff required an extension, to make a timely request, explaining why the extension was necessary.

On June 16, 2005 counsel for defendant First Unum informed the Magistrate Judge that it had not been notified of the June 14, 2005 conference by plaintiff's counsel, and requested a status conference. A telephone status conference was scheduled for June 28, 2005.

At the June 28, 2005 conference, plaintiff's counsel advised that plaintiff had not served Rule 26(a) disclosures or provided authorizations, although the June 14, 2005 order required they be served by June 24, 2005. The Magistrate Judge granted an extension, and directed plaintiff to serve the Rule 26(a) disclosures, authorizations and discovery demands on defendants by July 8, 2005.

On July 22, 2005 counsel for defendant First Unum informed the Magistrate Judge that although both defendants had served their Rule 26 disclosures, plaintiff had yet to provide

defendants with its initial disclosures or authorizations, despite the July 8, 2005 deadline. Plaintiff also had not served any discovery demands, although all demands for discovery were also to have been served by July 8, 2005.

On August 2, 2005 defendant Euro Brokers moved for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure, based on plaintiff's repeated failure to provide discovery as required by the Magistrate Judge's orders and plaintiff's counsel's "callous disregard for her responsibilities." In its motion Euro Brokers noted that plaintiff has failed to provide discovery in violation of the May 11, 2005, June 14, 2005 and June 28, 2005 court orders "without so much as a courtesy phone call, a request for an extension of time to comply or an explanation for the delay." The Magistrate Judge responded to this motion by directing plaintiff and her counsel to show cause by August 10, 2005 why defendant Euro Brokers' motion for sanctions should not be granted.

By letter dated August 2, 2005, plaintiff's counsel requested her client be granted an extension of time to August 26, 2005 to provide Rule 26(a) discovery, authorizations, and discovery demands. On August 5, 2005, the Magistrate Judge allowed plaintiff an extension until August 12, 2005 to submit the required papers. The Magistrate Judge stated that no further extensions would be granted and that "if [plaintiff] fails to

comply fully by 8/12/05, this court will recommend that plaintiff's action be dismissed pursuant to Fed. R. Civ. P. 37 and 41(b)." The Magistrate Judge also reminded plaintiff and plaintiff's counsel that they were required to show cause by August 10, 2005 why sanctions should not be imposed against them.

Plaintiff's counsel responded by letter dated August 11, 2005 in which she explained that she did not become aware of the August 5, 2005 order until Tuesday, August 9, 2005, due to problems with her computer, and had attended an all day arbitration on August 10, 2005. Plaintiff's counsel stated that plaintiff had completed the forms requested by defendant First Unum, and that plaintiff's counsel would bring those documents as well as the Rule 26(a) disclosures to court for the August 12, 2005 conference. Plaintiff's counsel also stated that in responding to the motion for sanctions, she could not file her client's medical information on ECF because of confidentiality concerns, and that she would not have authorizations at the hearing, but should have them by Monday, August 15, 2005.

Plaintiff further argued in the August 11, 2005 letter that the motion for sanctions should be denied for a number of reasons: (1) plaintiff requires accommodation because of her disability and the fact that her husband who assists her works full time; (2) the motion for sanctions was inappropriate in light of Euro Brokers' knowledge of plaintiff's disability; (3) a

hearing as to the extent of plaintiff's disability would show that sanctions are improper; (4) Euro Brokers refused to cooperate with plaintiff's counsel's efforts to reach an amicable resolution and avoid a lawsuit; (5) the case was relatively new, as it was commenced in 2005; (6) there was a conflict of interest issue that plaintiff wished to address. Attached to this letter were copies of documents relating to plaintiff's disability claim and what appeared to the Magistrate Judge to be copies of notes from plaintiff's treating psychologist dated between November 2001 and September 2002.

At the August 12, 2005 hearing the plaintiff's Rule 26(a) disclosures were provided to defendants without supporting documentation. The authorizations for the release of medical, insurance and financial records were not produced. The Magistrate Judge ordered these documents be supplied to defendants by August 19, 2005. Plaintiff's counsel advised that she had yet to serve discovery demands, and the Magistrate Judge ordered that plaintiff's demands and her responses to defendants' demands be served by September 9, 2005.

The Magistrate Judge further directed that by August 24, 2005

> "plaintiff and her counsel shall supplement plaintiff's
> showing of cause in response to the motion for sanctions
> by specifically setting forth the dates and measures
> plaintiff took to comply with this court's orders, and
> the reasons why plaintiff did not timely seek extensions
> from her adversary counsel or the court to comply with
> court orders. Plaintiff shall also provide medical

> documentation of her current medical condition with specific information regarding how her condition has affected her ability to prosecute her claim and respond to court orders. For example, the medical documentation should address the extent to which plaintiff is unable to travel, use the telephone or complete and gather documentation such as her UNUM disability application, authorizations and documents responsive to defendant's discovery demands."

Following plaintiff's supplemental showing, Euro Brokers was ordered to advise by September 9, 2005 whether it intended to pursue its motion for sanctions.

As to the conflict of interest issue, at the conference plaintiff's counsel voiced her concern over the Magistrate Judge's ability to be impartial in light of the fact that over a year before, prior to Magistrate Judge Matsumoto's appointment, the Magistrate Judge and plaintiff's counsel had been adversaries. The Magistrate Judge stated that she believed her impartiality "could not reasonably be questioned," but stated that she would consider the matter further, and invited plaintiff's counsel to move for her recusal. Plaintiff did not make such a motion.[3]

On August 23, 2005, one day before the deadline set by the Magistrate Judge, plaintiff requested an extension of time until September 7, 2005 to supplement her showing of cause. Plaintiff's

---

[3] Thereafter plaintiff made a motion she titled "emergency motion to reassign case" before me. I denied the application without prejudice to its renewal in motion form initially returnable before the Magistrate Judge. To date, plaintiff has not renewed her motion.

counsel advised the Magistrate Judge that she had been unable to
obtain documentation of plaintiff's medical condition because
plaintiff's treating psychologist, Dr. Maureen Kaley, had been on
vacation and had just begun compiling the necessary records.
Plaintiff's counsel further stated that she herself would be on
vacation from August 26, 2005 through September 5, 2005, and that
a week's vacation was for plaintiff's counsel a medical necessity
for her. Although the Magistrate Judge noted that this was the
third extension requested by the plaintiff "and that plaintiff's
prior requests were granted upon plaintiff's representation that
the extensions sought would give her sufficient time to comply
with the Court's original show cause order" of August 2, 2005,
the extension until September 7, 2005 was granted.

On September 8, 2005, one day after the deadline set by the
Magistrate Judge, plaintiff's counsel again requested an
extension, this time until September 16, 2005, on the grounds
that she had been unable to obtain reports from plaintiff's
psychiatrist and psychologist. Plaintiff's counsel stated that
she had called both, but had been unable to reach them because
they were on vacation, but that she had spoken with Dr. Kaley who
would have a report ready by the following week, if not sooner.
Although the Magistrate Judge noted that she had difficulty
accepting the representations made by plaintiff's counsel and
that counsel had not stated with specificity how she had

attempted to contact these doctors, a "final extension" was granted until September 16, 2005. The Magistrate Judge also noted that "plaintiff should not expect nor request any further extensions of time."

Plaintiff submitted no additional papers on September 16, 2005, nor did she request another extension. On September 22, 2005 defendant Euro Brokers asked that the Magistrate Judge allow Euro Brokers an opportunity to respond to allegations in plaintiff's August 11, 2005 submission in opposition to the motion for sanctions. The Magistrate Judge allowed Euro Brokers until September 30, 2005 to respond to statements made in plaintiff's prior submissions in opposition to the sanctions motion.

By letter dated Monday, September 26, 2005, plaintiff's counsel advised the Magistrate Judge that she had provided defense counsel with all discovery responses, and had mailed them all records in her possession and a report from plaintiff's treating psychiatrist on September 23, 2005, the previous Friday. Plaintiff's counsel further stated that plaintiff's treating psychologist was prepared to make a "detailed report" within the next two days. Plaintiff's counsel also noted that she had not been contacted by counsel for Euro Brokers before it was requested that the Magistrate Judge bar any further submissions by plaintiff on the sanctions motion, and requested that a

hearing be held at which plaintiff could explain the
circumstances that caused the delays.

Euro Brokers responded on September 27, 2005, asking the
Magistrate Judge to deny plaintiff's request for a hearing. Euro
Brokers argued that as plaintiff's time to supplement its showing
why sanctions should not be granted had expired, she should not
be allowed to present the same information at a live hearing, and
that any information as to the extent of plaintiff's illness was
not relevant since the issue was "why that illness precluded
plaintiff and her counsel from meeting the court's deadlines or
timely requesting an adjournment of those deadlines."

The Magistrate Judge denied plaintiff's request for a
hearing, and extended plaintiff's time to supplement her
opposition to defendant's motion for sanctions until October 14,
2005. The Magistrate Judge found the request for an evidentiary
hearing to be "premature and unwarranted on the grounds that the
defendant's Rule 37 motion has not been fully briefed, despite
repeated Court orders granting plaintiff's counsel several
extensions of time, noting deficiencies in plaintiff's
submissions, and affording plaintiff ample opportunity to address
those deficiencies."

On October 14, 2005 plaintiff's counsel advised the
Magistrate Judge that she would hand deliver "papers relative to
defendant's application and this Court's orders" because of

unspecified problems with ECF. Although plaintiff's counsel had represented on September 26, 2005 that she expected to have treating psychologist Dr. Kaley's report by September 28, 2005, her October 14, 2005 letter stated that she was still awaiting Dr. Kaley's report. The Magistrate Judge granted plaintiff leave to file papers in the court's drop box and to supplement the papers with Dr. Kaley's report upon its receipt. The Magistrate Judge further ordered that plaintiff submit by October 18, 2005, "a sworn affidavit from Ms. Pollack setting forth: (a) efforts made by plaintiff's counsel to obtain Dr. Kaley's report; (b) the dates on which such efforts were made; and (c) when the report will be filed with the Court." The Magistrate Judge warned that "[i]f plaintiff's counsel fails to make this showing by October 18, 2005, the Court will not consider Dr. Kaley's report."

By letter dated October 18, 2005 plaintiff's counsel advised the Magistrate Judge that she was unable to obtain the report of psychologist Dr. Kaley, as the doctor had been on vacation for the past two weeks. Plaintiff's counsel further advised that Dr. Kaley estimated it would be three weeks before she could prepare a report. Plaintiff's counsel attached to this letter a report from plaintiff's treating psychiatrist, Dr. Edward Sodaro, dated July 29, 2003. Plaintiff's counsel also informed the Magistrate Judge that she herself had been partially disabled by illness and that her own "disability and fatigue was one reason [she] could

not respond to the orders on time." Plaintiff's counsel stated
that she had called the plaintiff and her doctors several times a
week since discovery had begun, but did not keep a record of her
calls to them. Plaintiff's counsel noted that she had explained
to the Magistrate Judge that she required flexibility in the
discovery schedule because plaintiff's unstable emotional state
made it difficult to predict when she would be able to supply the
necessary information. Plaintiff's counsel again requested that a
hearing be held at which the plaintiff could testify regarding
her disability. On October 19, 2005, plaintiff's counsel
submitted a document captioned "Attorney's Affirmation of Due
Diligence" which she described as "an affidavit form of the sum
and substance" of the previous day's submission.[4] Also provided
was an affidavit from plaintiff dated August 15, 2005 [sic],
describing her difficulties with daily activities including
leaving her home and responding to mail and phone calls, and
requesting the Magistrate Judge not to punish her or her attorney
"for not being able to comply with deadlines at all times without
difficulty."

On October 25, 2005 Euro Brokers wrote to the Magistrate
Judge noting the deficiencies in plaintiff's submission, and
providing an itemized bill for work related to the sanctions

---

[4] Plaintiff's counsel described the Affirmation as "an affidavit form of
the sum and substance of my letter of September 18, 2005 to the Court," but it
is clear from the content that the date is a typo and she is referring to the
October 18, 2005 letter.

motion totaling $12,129.00 for 31.1 hours of work billed at
$390.00 an hour.

At a November 10, 2005 conference, the Magistrate Judge
granted plaintiff until November 30, 2005 to

> "submit in opposition to defendant Eurobroker's motion
> for sanctions: (a) a psychiatric report regarding the
> extent of plaintiff's inability to assist counsel in the
> prosecution of her action, (b) a sworn statement by
> plaintiff's counsel with supporting documentation
> regarding the dates and the nature of the efforts she and
> plaintiff made to comply with this court's orders and the
> reasons why she did not seek timely extensions of time to
> comply, (c) to the extent plaintiff's counsel asserts
> that her own physical condition prevented her from
> complying with the court's orders and from seeking timely
> extensions, documentation regarding counsel's condition
> and how it affects her, from the date of the initial
> conference on 6/16/05 to the present, and (d) any other
> documentation that she wishes to submit."

Oral argument on the motion for sanctions was scheduled for
December 14, 2005.

On November 30, 2005 plaintiff submitted a November 22, 2005
report from treating physician Dr. Kaley describing plaintiff's
disability. Plaintiff's counsel also submitted an affirmation
detailing her own illness beginning in June of 2003. Beyond her
own affirmation, plaintiff's counsel submitted no further
documentation regarding her own health issues.[5] In her

---

[5] On appeal plaintiff's counsel submits a March 30, 2006 letter from a
Dr. Alexander Hindenburg, asking that plaintiff's counsel be excused from a
March 31, 2006 court hearing for medical reasons. However, this letter was not
submitted to the Magistrate Judge. Although it notes that plaintiff's counsel
has been a patient of Dr. Hindenburg since October of 2003, the letter
provides no information regarding any disability existing during the time
period for which the Magistrate Judge requested documentation.

affirmation plaintiff's counsel explains that "the main reason [she] did not make advance applications for adjournments was that [she] did not want to have to do so," and notes that she was unable to predict the amount of time that would be required "until it was too late." Plaintiff's counsel detailed her efforts to comply with the Magistrate Judge's orders: having called each of the doctors several times per week, although she did not keep track of the dates and times; meeting with plaintiff once or twice; meeting with plaintiff's husband throughout the summer; writing letters to her client; filing two complaints and discovery responses; preparing a power of attorney for plaintiff's husband; mailing copies of all orders and demands to her clients; calling plaintiff's husband to follow up on requests; and reading and responding to emails from defense counsel.

Oral argument regarding Euro Brokers' motion for sanctions occurred before the Magistrate Judge on December 14, 2005. On March 30, 2006 Magistrate Judge Matsumoto issued her opinion and order. Although the Magistrate Judge found that sanctions against the plaintiff were inappropriate, she imposed sanctions against plaintiff's counsel in the form of $4,665.00 in attorneys fees. The Magistrate Judge calculated this figure based on 31.1 hours, the amount of time Euro Counsel's records showed had been spent

on the sanctions motion, at an hourly rate of $300[6] for a total of $9,330.00. The Magistrate Judge then reduced this figure by half "giving plaintiff's counsel consideration for the difficulties she encountered in obtaining plaintiff's compliance, both as a result of plaintiff's documented condition and counsel's own undocumented condition," resulting in a sanctions award of $4,665.00.

## DISCUSSION

Non-dispositive motions decided by a magistrate judge are to be modified or set aside by the district judge assigned to the case only where "the magistrate judge's order [is] found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Sanctions for discovery violations are generally non-dispositive, unless the sanction disposes of a claim. *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). *Carmona v. Wright*, 2006 WL 172340 (N.D.N.Y. 2006).

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe and Products of Cal., Inc. v. Constr. Laborers Pension Trust for South. Cal.*, 508 U.S.

---

[6] Counsel for Euro Brokers submitted billing at a rate of $390 an hour. However, because counsel failed to demonstrate the reasonableness of this rate, the Magistrate Judge reduced it to $300. See *Aiello v. Town of Bookhaven*, 2005 WL 1397202 at * 7 (E.D.N.Y., June 13, 2005) (citing *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984); *General Electric Co. v. Compagnie Euralair, S.A.*, 1997 WL 397627 at *5 (S.D.N.Y., July 3, 1997).

602, 622 (1993) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tompkins v. R .J. Reynolds Tobacco Co.*, 92 F.Supp.2d 70, 74 (N.D.N.Y. 2000) (citation and internal quotations omitted). Magistrate judges have broad discretion in resolving non-dispositive matters, and a party seeking to overturn a discovery order bears a heavy burden. See *Thomas E. Hoar*, 900 F.2d at 525; *Gorman v. Polar Electro, Inc.*, 124 F.Supp.2d 148, 150 (E.D.N.Y. 2000). Because plaintiff's appeal of the Magistrate Judge's order addresses a non-dispositive discovery sanctions issue, the Court applies the deferential standard of review.

Plaintiff's counsel makes the following arguments in support of her appeal: (1) sanctions are inappropriate against plaintiffs in cases arising from the September 11, 2001 terrorist attacks; (2) plaintiff and her counsel's medical problems justify the failure to comply with the Magistrate Judge's orders; (3) there is "no legal benefit" from the award of sanctions; (4) the sanctions are the result of bias against plaintiff's counsel on the part of the Magistrate Judge; (5) the award of monetary sanctions violates counsel's due process rights; (6) the sanctions award is improperly based on unrecorded conferences; (7) the motion for sanctions was made prematurely and in bad

faith.

## Propriety of Sanctioning September 11th Victims

Plaintiff's counsel argues that it was inappropriate for the Magistrate Judge to sanction a victim of the September 11, 2001 terrorist attacks. I do not address this argument because the Magistrate Judge sanctioned only plaintiff's counsel, and did not impose sanctions against plaintiff. The Magistrate Judge's order specifically states: "plaintiff's counsel, and not plaintiff, is directed to pay Euro Brokers $4,665.00." (O & O p. 47).

## Delay Justified by Medical Issues

Similarly, plaintiff's counsel argues that her own illness and her client's September 11th injuries justify plaintiff's failure to comply with court orders. Magistrate Judge Matsumoto did not deny that these were substantial justifications for delay, but asked that plaintiff's counsel support these assertions with medical documentation. Despite multiple opportunities to justify the delays and avoid sanctions, plaintiff's counsel failed to provide documentation of the role of her own illness in plaintiff's repeated failures to comply with the Magistrate Judge's orders, stating that she was "under no obligation to reveal [her] health in this way." In the absence of any documented excuse for plaintiff's counsel's actions the Magistrate Judge was justified in imposing sanctions. Although plaintiff's counsel argues that her client should have been

-19-

allowed to testify at an evidentiary hearing as requested, in
lieu of presenting medical documentation of her condition and its
affect on her ability to meet discovery deadlines, there is
nothing clearly erroneous in the Magistrate Judge's decision to
require evidence from a knowledgeable medical expert, rather than
rely on plaintiff's non-expert testimony as to her own
disability. Following the submission of medical documentation of
plaintiff's condition Magistrate Judge Matsumoto in fact declined
to impose sanctions against the plaintiff. The Magistrate Judge
acknowledged that in reaching her decision she had taken into
account that "Dr. Kaley's report presented evidence of
plaintiff's psychological and functional impairments resulting
from plaintiff's proximity to the terrorist attack on the World
Trade Center." (O & O p. 35). Counsel's failure to supply
information concerned how her own medical condition impacted her
compliance with the Magistrate Judge's orders and her failure to
supply evidence of her own diligence in contacting defendants and
in attempting to comply with the Magistrate Judge's orders fully
supports the Magistrate Judge's decision to impose sanction on
plaintiff's counsel.

<u>No Legal Benefit</u>

Plaintiff's counsel argues that there is "no legal benefit"
from the Magistrate Judge's award of sanctions. However, the
Magistrate Judge fully explained in her opinion that the award

would serve the purposes of Rule 37 sanctions by (1) ensuring that the disobedient party does not benefit from its non-compliance; (2) obtaining compliance with court orders; and (3) providing a general deterrent in the particular case and litigation in general. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). As noted by the Magistrate Judge, plaintiff benefitted from her non-compliance in that she was able to formulate her discovery demands using information from initial disclosures provided by Euro Brokers, who did not receive a similar opportunity. Although plaintiff's counsel contests the presumption of prejudice to the defendant by the delay, the law is clear that "[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Shannon v. General Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) (citing *Lyell Theatre v. Lews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).

Notwithstanding plaintiff's counsel's assertion that the sanctions "did not teach [her] a lesson," the Magistrate Judge was not clearly erroneous in finding that a sanctions award would encourage plaintiff's counsel to seek timely extensions and to make greater efforts to comply with court orders. Although plaintiff's counsel argues that she "never willfully failed to obey an order" it is difficult to understand her admission that "the main reason [she] did not make advance applications for adjournments was that [she] did not want to have to do so," as

anything other than willful disregard of the court's orders. Counsel argues that she cannot be deterred regarding things which she "cannot predict or control," but has never presented any evidence that her failure to request extensions of time to comply with court orders was due to events beyond her control.[7] In the absence of any evidence to the contrary, the Magistrate Judge was left with little alternative but to find that plaintiff's counsel's conduct manifested a willful disregard of the Magistrate Judge's orders. In addition to deterring plaintiff's counsel from similar conduct in the future, the sanctions act as a warning to other members of the bar who might otherwise be tempted to disregard court orders.

Magistrate Judge's Alleged Prejudice

Counsel's arguments regarding bias on the part of the Magistrate Judge are also unpersuasive. The Magistrate Judge had good reason to sanction counsel pursuant to Rules 37 and 16(f) based on plaintiff's violation of the Magistrate Judge's scheduling orders of May 11, 2005, June 14, 2005 and June 28, 2005, and subsequent orders directing plaintiff to provide outstanding Rule 26(a) disclosures and authorizations. "[A] clearly articulated order of the court requiring specified discovery" provides "authority to impose Rule 37(b) sanctions for

---

[7] Although a psychological disability affecting the plaintiff could make compliance with court orders difficult, plaintiff's counsel has not explained why this difficulty would affect counsel's ability to request timely extensions of the Magistrate Judge's orders.

noncompliance with that order." *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir. 1991) (citing *Jones v. Uris Sales Corp.*, 373 F.2d 644, 647-48 (2d Cir. 1967). See also *Camara v. Daise*, 2001 WL 263006 (S.D.N.Y. 2001) (scheduling orders provide a basis for imposition of Rule 16(f) sanctions). Nothing in the record indicates bias on the part of the Magistrate Judge, who in fact exhibited great patience in permitting plaintiff and her counsel numerous opportunities to oppose Euro Brokers' motion for sanctions. Plaintiff's arguments regarding a conflict of interest were raised in her March 2, 2006 letter, at which time I instructed her to renew her request by motion returnable before the Magistrate Judge. In failing to do so, counsel has waived or abandoned her claim.

Due Process

Counsel also argues that the monetary sanctions imposed by the Magistrate Judge violate her right to due process. Due process requires "that the delinquent party be provided with notice of the possibility that sanctions will be imposed and with an opportunity to present evidence or arguments against their imposition." *Satcorp Intern. Group v. China Nat. Silk Import & Export Corp.*, 101 F.3d 3, 6 (2d Cir. 1996) (citations omitted). Counsel was indisputably aware that the pending sanctions motion under Rule 37, she was on notice of the Rule's provision at 37(b)(2)that "the court shall require the party failing to obey

the order *or the attorney advising that party* or both to pay the
reasonable expenses, including attorney's fees, caused by the
failure..." (emphasis added). See *Sterling Promotional Corp. v.
General Acc. Ins. Co. of New York*, 86 Fed.Appx. 441, 445 (2d Cir.
2004). The Magistrate Judge specifically directed "plaintiff and
her counsel," to show cause why sanctions should not be granted,
and on September 30, 2005 the Magistrate Judge informed Euro
Brokers that it should "supplement any request for attorneys'
fees with contemporaneous time records," putting plaintiff and
her counsel on notice that the Magistrate Judge would be
considering a sanctions award of attorneys fees. Plaintiff and
her attorney were given repeated opportunities to present a
defense to the sanctions motions. Although counsel complains that
she received "oral argument, not a 'hearing,'" her due process
rights were more than satisfied. Due process "does not require an
evidentiary hearing in every case, particularly where the party
upon whom the sanction may be imposed fails to offer any
opposition to the sanctions after being offered many
opportunities to do so." *Powers v. General Computer Corp.*, 198
F.3d 234 (2d Cir. 1999).

Unrecorded Conferences

Plaintiff's counsel also argues that the opinion and order
is defective in that there is no record of the conferences during

which the discovery schedule was set.[8] Plaintiff's counsel

contends that the Magistrate Judge's opinion and order is

"slanted against [her] and does not accurately recite what

occurred in the initial conferences." Plaintiff's counsel appears

to be arguing either that because there is no record of what was

ordered so there is no basis for the imposition of sanctions

against her, or that because there is no record of her objections

to the discovery orders, the Magistrate Judge did not consider

all of the relevant facts before issuing the opinion and order.

As to the first argument, the existence of a transcript is

unnecessary since plaintiff's counsel does not contest any of the

facts upon which the Magistrate Judge based her opinion.

Plaintiff's counsel does not dispute that the Magistrate Judge

established discovery deadlines as stated in the Magistrate

Judge's opinion and order, nor does she dispute that plaintiff

repeatedly failed to meet them or make timely applications for

extensions. With respect to the second argument, counsel argues

that the Magistrate Judge did not consider her objections to what

she now perceives to be an inflexible discovery schedule.[9]

However, the Magistrate Judge noted in her opinion and order that

---

[8] Each of the court orders is available on ECF although transcripts of
the conferences have not been ordered or filed.

[9] The affidavit of Kimberley Lecci, plaintiff's counsel's law clerk,
appears to be submitted in support of plaintiff's counsel's undisputed
assertion that she informed the Magistrate Judge at the outset that plaintiff
might have difficulty meeting discovery deadlines.

at the June 14, 2005 and June 28, 2005 conferences, counsel for
plaintiff made the Magistrate Judge aware that plaintiff "had
psychological difficulties which could impair her ability to
prosecute her action and comply with court orders." (O & O, p.
28). In fairness to all parties to the litigation and in the
interest of judicial efficiency, the Magistrate Judge was
required to make efforts to move the case forward. In any event,
Magistrate Judge Matsumoto's discovery schedule was not in fact
inflexible as she granted extensions when they were requested by
plaintiff, even those made after plaintiff's time to submit
papers had expired.

Motion is Premature and in Bad Faith

Plaintiff's counsel also argues that the motion for
discovery sanctions was premature and made in bad faith. At oral
argument the Magistrate Judge considered plaintiff's position
that the motion was premature because Euro Brokers had not
adequately attempted to obtain the discovery items by conferring
with plaintiff's counsel or moving to compel discovery. In light
of plaintiff's disregard of three court orders the Magistrate
Judge found that Euro Brokers could not reasonably be required to
attempt to obtain the outstanding discovery through conferences
or a motion to compel. Although the motion for sanctions was made
early in the proceedings and there does not appear to have been
much effort on the part of counsel for Euro Brokers to resolve

the discovery issues amicably, the Magistrate Judge was not

clearly erroneous in finding that considering the procedural

history of the case, an early sanctions motion was warranted.

**CONCLUSION**

For the reasons set forth above Magistrate Judge Matsumoto's

award of sanctions is affirmed. The Clerk is directed to transmit

a filed copy of the within to the parties and the Magistrate

Judge.


SO ORDERED.


Dated :    Brooklyn, New York
           June 11, 2007


                         By: /s/ Charles P. Sifton (electronically signed)
                                United States District Judge