UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Maritza Burgie,

                              Plaintiff,

        - against -

Euro Brokers, Inc. and First Unum Life
Insurance Company,

                              Defendants.

----------------------------------------X

CV-05-0968
(CPS)(KAM)

MEMORANDUM
OPINION AND
ORDER

SIFTON, Senior Judge.

    On February 18, 2005, plaintiff Maritza Burgie ("plaintiff")

commenced this action against defendants Euro Brokers, Inc.

("Euro Brokers") and First Unum Life Insurance Company ("Unum").

Plaintiff alleges that as a survivor of the September 11, 2001

attack on the World Trade Center she suffers severe emotional and

physical injuries due to her proximity to the attack, that,

following the attack, Euro Brokers terminated her employment in

violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C.

§2617(a), the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. §1001 *et seq.*, and the Americans with

Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101*, et seq.,* and

that First Unum denied her benefits under her disability policy

in violation of ERISA and the ADA and in breach of its contract

with her.  Now before this Court is plaintiff's appeal from then[1]

---

[1] Judge Matsumoto is now a District Court Judge, but because the events
at issue on these motions concern her actions as Magistrate Judge I will, to
avoid confusion and the need to use the unwieldy "then", continue to use the
title Magistrate Judge when referring to her actions in that capacity.

Magistrate Judge Matsumoto's March 14, 2008, Order closing discovery, as well as plaintiff's motions to reopen discovery for six months, for a stay precluding Euro Brokers from filing for summary judgment, and for reinstatement of her claims against First Unum.[2]  Also before this Court is defendant Euro Brokers' motion to enter judgment against plaintiff's counsel, Ruth M. Pollack, in the amount of $4,665.00, and to hold plaintiff's counsel in contempt.  For the reasons stated below, plaintiff's motions are denied and Euro Brokers' motion is granted in part and denied in part.

## Background

Familiarity with the underlying facts of this case, as set forth in prior decisions, is presumed.  Only those facts relevant to the present motions are discussed.

Magistrate Judge Matsumoto issued, pursuant to Federal Rules of Civil Procedure 16(b) and (e) and 26(f), three scheduling orders, dated May 11, June 14 and June 28, 2005,  directing, *inter alia*, that plaintiff provide signed authorizations for medical records and that the parties exchange mandatory Rule 26(a) disclosures, discuss a discovery plan, and propound written discovery by, respectively, June 12, July 5, and July 8, 2005.[3]

---

[2]  Plaintiff also moved for recusal of this Court and Magistrate Judge Matsumoto, but withdrew the recusal motions on June 12, 2008.

[3]  The parties agreed to proceed with document discovery, but stay depositions until any motions to amend and dismiss were decided. (Docket # 68).

May 11, 2005, Order; June 16, 2005, Minute Entry; June 28, 2005,
Minute Entry. Plaintiff failed to comply with these orders. On
August 2, 2005, defendant Euro Brokers moved for sanctions due to
plaintiff's failure to comply.

On August 5, 2005, Magistrate Judge Matsumoto extended the
deadline for document discovery to August 12, 2005. Aug. 5,
2005, Order. Plaintiff again failed to meet this deadline and,
on August 12, 2005, Magistrate Judge Matsumoto extended
plaintiff's time to serve requests for documentary discovery to
September 9, 2005, Aug. 15, 2005, Minute Entry, and later granted
a further extension, to March 31, 2006. Nov. 11, 2005, Minute
Entry. On March 27, 2006, Magistrate Judge Matsumoto ordered the
parties to resolve any outstanding discovery disputes or submit
them for judicial resolution by April 26, 2006. Mar. 27, 2006,
Minute Entry.

On March 30, 2006, Magistrate Judge Matsumoto, ruling on
Euro Brokers' motion for sanctions, ordered plaintiff's counsel,
Ruth Pollack, to pay Euro Brokers a monetary sanction in the
amount of $4,665.00, representing a portion of the costs and fees
expended by Euro Brokers on the sanctions motion, which
Magistrate Judge Matsumoto concluded was "just and authorized by
Rule 37(b)(2)." Mar. 30, 2006, Opinion and Order, at 41.
Magistrate Judge Matsumoto further ordered Pollack to pay the

sanction by April 20, 2006.  *Id*. at 47.[4]

Plaintiff's counsel thereafter served requests for document production and interrogatories upon Euro Brokers on July 15, 2006, over a year after Magistrate Judge Matsumoto's initial deadline of July 8, 2005.  Over Euro Brokers' objection, Magistrate Judge Matsumoto granted plaintiff leave to serve her late discovery requests.  Jul. 18, 2006, Minute Entry.  At the July 18, 2006 conference, Magistrate Judge Matsumoto extended the deadline for the completion of all discovery, including depositions, to October 31, 2006.  *Id*.

On August 18, 2006, defendant Euro Brokers responded to plaintiff's document requests, producing over 450 pages, as well as responding to plaintiff's interrogatories.

On October 30, 2006, Magistrate Judge Matsumoto granted plaintiff's request for an extension of time to complete discovery to January 31, 2007.  Oct. 30, 2006, Order.

On January 26, 2007, this Court granted Unum's motion to dismiss the ADA and contract claims and Unum's motion for summary judgment with respect to plaintiff's ERISA claim.[5]  *See Burgie v. Euro Brokers, Inc.,* 2007 WL 210419, at *1 (E.D.N.Y. 2007).

On February 27, 2007, at a status conference, plaintiff's

---

[4]  I affirmed Magistrate Judge Matsumoto's ruling by Memorandum Opinion & Order dated June 11, 2007.

[5]  The Court also granted leave to plaintiff to amend her ADA claim within 30 days, which she did not do.

counsel asserted that Euro Brokers' discovery was not responsive.
Magistrate Judge Matsumoto, although noting that fact discovery
had closed and that Pollack had not moved to compel in a timely
fashion, re-opened discovery and permitted plaintiff to move to
compel compliance with outstanding discovery requests by March
12, 2007.  Feb. 27, 2007, Minute Entry.  Plaintiff did not
thereafter move to compel discovery.  Magistrate Judge Matsumoto
also ordered that Pollack provide counsel for Euro Brokers and
First Unum with the names of all current and former employees
that plaintiff would seek to depose by February 28, 2007.  She
ordered Euro Brokers to provide the last known contact
information for current or former employees and to designate
those employees whom it would voluntarily produce by March 5,
2007.  She additionally ordered that depositions be completed by
June 29, 2007.  *Id.*

At a June 29, 2007, status conference, Pollack again
asserted that Euro Brokers' document production was deficient.
In particular, she sought a black book diary of Ms. Eileen
McMahon, one of Euro Brokers' former employees.  Magistrate Judge
Matsumoto granted plaintiff "one FINAL opportunity to move to
compel discovery" by July 13, 2007.  June 29, 2007, Minute Entry
(emphasis in original).  As no depositions had been taken,
despite Euro Brokers' counsel's contention that he twice asked
Pollack to inform him of dates for scheduling depositions,

Magistrate Judge Matsumoto ordered that the depositions of five current or former Euro Brokers employees be completed by August 24, 2007. *Id.* Specifically, Magistrate Judge Matsumoto ordered plaintiff to serve deposition subpoenas on defense counsel for Eileen McMahon, Mary Paterno, and Roger Schwed by July 13, 2007. *Id.* Lastly, plaintiff was ordered to serve deposition subpoenas on two former unnamed employees directly, pursuant to Fed. R. Civ. Pr. 45, as Euro Brokers was not authorized to accept service for them. *Id.* The parties agreed to reserve certain dates in July and August for these depositions. *Id.*

Plaintiff did not move to compel the written discovery she sought by July 13, 2007. On July 25, 2007, Magistrate Judge Matsumoto, noting she had extended the deadline for doing so several times, accordingly ruled there is "no outstanding discovery." July 25, 2007 Order. Magistrate Judge Matsumoto also ordered the parties to communicate and schedule dates for any remaining depositions, reminding the parties that they had agreed to reserve certain August dates for these depositions. *Id.*

Between the June status conference and August 24, 2007, the deposition of McMahon commenced, but was not completed. Plaintiff, however, did not depose Paterno or Schwed. At the August 24, 2007, status conference, plaintiff sought an extension of discovery. Magistrate Judge Matsumoto again extended the fact

discovery deadline to October 31, 2007, and directed plaintiff to serve subpoenas on Euro Brokers' counsel for the depositions of Paterno and Schwed by September 5, 2007, with the depositions to be conducted on September 20, 2007, and September 27, 2007. August 24, 2007, Minute Entry.  Magistrate Judge Matsumoto, over Euro Brokers' objection, also granted plaintiff's motion for four additional hours to complete McMahon's deposition, on a date to be scheduled sometime during the first two weeks of October 2007. *Id.*  Magistrate Judge Matsumoto noted that she would "not consider any further extension unless a request to extend discovery is received no later than 10/28/2007." *Id.*  Pollack did not move to compel further written discovery, nor did she, according to defendants, serve the required deposition subpoenas by the September 5, 2007 deadline.

On October 10, 2007, Euro Brokers informed Magistrate Judge Matsumoto by letter that Pollack failed to remit payment of the $4,665.00 sanction.  On this same date, Magistrate Judge Matsumoto ordered Pollack to respond to Euro Brokers' letter by October 12, 2007.  Pollack did not respond by October 12, 2007, but Magistrate Judge Matsumoto granted an extension for her to reply to November 9, 2007.

At a November 1, 2007 status conference, plaintiff again complained that Euro Brokers had not complied with its discovery obligations.  Magistrate Judge Matsumoto gave plaintiff "one

final opportunity to move to compel" written discovery, by making a motion on November 8, 2007.  November 1, 2007, Minute Entry. Plaintiff did not do so.  Because the depositions of Paterno and Schwed had not been conducted, and because the deposition of McMahon had not been concluded, Magistrate Judge Matsumoto further ordered, pursuant to plaintiff's request, that she serve depositions subpoenas directly on Paterno, Schwed, and McMahon, rather than Euro Brokers' counsel.  Magistrate Judge Matsumoto directed that depositions be held on December 18-21, 2007, as agreed by the parties at the conference, provided plaintiff's counsel could effect proper service pursuant to Fed. R. Civ. P. 45.  *Id*.

On November 14, 2007, Euro Brokers informed Magistrate Judge Matsumoto that Pollack still had not responded to its letter concerning her failure to remit the $4,665.00 sanction. Magistrate Judge Matsumoto ordered Pollack to remit payment on the sanction by December 5, 2007.  She also noted that if Pollack "fail[ed] to comply with this order by December 7, 2007, the [C]ourt will consider any further application for relief by" Euro Brokers.  November 14, 2007, Order.  To date, Pollack has not paid this sanction.

On January 7, 2008, nearly two months after the November 8, 2007 deadline for moving to compel written discovery, Magistrate Judge Matsumoto, following a status conference at which

plaintiff's counsel again complained about Euro Brokers'
deficient production, ordered Pollack to submit by January 8,
2008, "a copy of her document demands and a cover letter
detailing what documents, if any, are outstanding."  Jan. 7,
2008, Minute Entry.  Pollack did submit a letter, but it did not
comport with Magistrate Judge Matsumoto's instructions.
Nevertheless, Magistrate Judge Matsumoto overlooked these
deficiencies and granted in part and denied in part plaintiff's
motion to compel.

Magistrate Judge Matsumoto declined to compel Euro Brokers
to produce some categories of documents, including what
plaintiff's counsel termed plaintiff's "lists" and "re-created
files," finding that these documents, reflecting the quantity,
quality, and substance of plaintiff's work post September 11,
2001, were irrelevant to plaintiff's claims or Euro Brokers'
defenses.  *Id*. at 6.  She did, however, require Euro Brokers to
produce plaintiff's "re-created booklets," to the extent that
they describe the benefits and leave policies applicable to Euro
Brokers' employees, and a blank copy of Euro Brokers' insurance
form for survivors and families of those injured or killed in the
September 11, 2001 attacks.  *Id*. at 7.  Magistrate Judge
Matsumoto further granted plaintiff's request that Euro Brokers
produce certain documents relating to or supporting Euro Brokers'
defenses that it acted in good faith and terminated plaintiff for

reasons unrelated to plaintiff's claimed physical and/or mental impairments or any perception that plaintiff suffered therefrom. Lastly, Magistrate Judge Matsumoto denied plaintiff's motion to compel the production of certain documents requested at the deposition of McMahon which related to the quantity and quality of plaintiff's post September 11, 2001 work. *Id.* at 11. Euro Brokers was to produce the documents called for by the ruling, or verify their prior production, by January 28, 2008, and submit to plaintiff a privilege log of any documents withheld on the grounds of privilege. *Id.* at 10-11.

As the depositions of McMahon, Paterno, and Schwed had not been completed, Magistrate Judge Matsumoto also ordered plaintiff to serve deposition subpoenas by February 15, 2008, and complete the depositions of McMahon, Paterno, and Schwed no later than March 14, 2008. *Id*. at 12. Magistrate Judge Matsumoto noted that she would not grant any further extensions. *Id*. Plaintiff did not appeal this decision.

On January 28, 2008, Euro Brokers produced additional documents or provided the required verification of their prior production, and stated to the Court that they had withheld no documents on the basis of privilege.

On March 1, 2008, plaintiff filed a letter motion to "Compel Compliance with Discovery Demands and Court Order". On March 3, 2008, Magistrate Judge Matsumoto denied this motion as untimely

and non-compliant with the Local Rules.  Mar. 3, 2008, Order.
Magistrate Judge Matsumoto noted that plaintiff's motion sought,
in part, to compel production of the documents that Magistrate
Judge Matsumoto had declined to compel in her January 18, 2008,
Order.  *Id*.  Magistrate Judge Matsumoto also noted that
plaintiff's March 1, 2008 motion suggested that the depositions
of McMahon, Paterno, and Schwed had not yet been completed, and
reminded the parties to cooperatively schedule, serve subpoenas,
and conclude these depositions by the March 14, 2008, deadline,
which would not be extended.  *Id*.

On March 14, 2008, Magistrate Judge Matsumoto closed
discovery because, "as reflected in the docket, this [C]ourt has
granted plaintiff numerous extensions of time to provide
mandatory Rule 26(a) disclosures, propound fact discovery,
respond to motions for sanctions and orders to show cause, move
to compel discovery and complete fact discovery."  Mar. 14, 2008,
Minute Entry and Order.  Magistrate Judge Matsumoto noted that
after she determined to close discovery, Pollack, "using an
inappropriate tone, stated that she still needed fact discovery
and that she intended to report defense counsel and the judges
assigned to this case to 'other authorities.'" *Id*.[6]  Magistrate
Judge Matsumoto lastly provided that, if defendant intended to

---

[6] The Court has listened to the recordings of this proceeding and
concurs in the Magistrate's assessment.

pursue its motion for summary judgment, it should do so in the matter prescribed by the undersigned's motion practice rules. *Id.*

On March 28, 2008, Pollack wrote to Chief Judge Dearie, seeking reassignment of this case from this Court and Magistrate Judge Matsumoto.[7] She argued that this Court has "circumvented [plaintiff's] right to due process by completely dismissing her meritorious case against First Unum, without any valid legal justification." Pollack Mar. 28, 2008, Letter, at 1. She continued:

> The most confounding example of Judge Sifton's misconduct occurred in his courtroom on February 1, 2007, immediately following [plaintiff's] five-hour deposition. At that time, without any warning, Judge Sifton told [plaintiff] in my presence that in sum and substance 'We are very concerned about your attorney's ability to represent you and strongly suggest that if you have any hope of winning your case that you pursue alternate counsel as soon as possible.'

*Id.* at 2.

In addition, Pollack requested that the letter be deemed a timely appeal from Magistrate Judge Matsumoto's March 14, 2008, Order,[8] that discovery be re-opened for a period of no less than

---

[7] This was plaintiff's second attempt to put the case before different judges. On February 26, 2007, plaintiff moved for recusal of both the undersigned and Magistrate Judge Matsumoto. On February 27, 2007, Magistrate Judge Matsumoto denied plaintiff's motion as to herself. I denied the motion as to myself the following day.

[8] Plaintiff states she is appealing Magistrate Judge Matsumoto's "latest ruling," which I presume refers to the March 14, 2008 Order closing discovery. Insofar as plaintiff may be appealing any of Magistrate Judge Matsumoto's other recent orders, she would be time-barred, as she failed to seek review within the ten-day period allotted. Fed. R. Civ. P. 72(a).

six months, that dispositive motion practice be halted
immediately, and that plaintiff's case against Unum be
reinstated.  *Id*. at 3.

On March 31, 2008, Euro Brokers filed a motion seeking entry
of judgment against Pollack and/or an order holding Pollack in
contempt.

On April 17, 2008, I issued an Order to Show Cause why the
relief sought in Pollack's March 28, 2008 letter and Euro
Brokers' motion for an entry of judgment and an order holding
Pollack in contempt should not be granted.

On June 12, 2008, Pollack moved to withdraw as plaintiff's
counsel.  She also withdrew her request that the case be
reassigned from myself and Magistrate Judge Matsumoto.  I granted
Pollack's motion for withdrawal on June 17, 2008.  The
proceedings on the motions before the Court were adjourned to
permit plaintiff to obtain and appear by new counsel and Pollack
to appear *pro se* or with counsel with respect to Euro Brokers'
motion for entry of judgment and contempt against her.

## Discussion

As an initial matter, Euro Brokers contends that plaintiff's
March 28, 2008, submission does not comport with the Federal or
Local Rules of Civil Procedure.  Euro Brokers is correct that
plaintiff's counsel directed the letter incorrectly to Chief
Judge Dearie, but the letter was eventually forwarded to me.  As

Euro Brokers also points out, plaintiff's counsel has failed to submit a memorandum of law setting forth the authorities relied upon in support of the motions she makes in her letter, as required by Local Rule 7.1. Nevertheless, as a matter of discretion, I will consider the requests set forth in plaintiff's letter on the merits. *See Holtz v. Rockefeller & Co., Inc.*, 258 F.2d 62, 73 (2d Cir. 2001) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local rules").

A. <u>Appeal of Order Closing Discovery and Request to Reopen Discovery for Six Months</u>

Non-dispositive motions decided by a magistrate judge are to be modified or set aside by the district judge assigned to the case only where "the magistrate judge's order [is] found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). "Matters concerning discovery generally are considered 'nondispositive' of the litigation." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir.1990); *see also Federal Ins. Co. v. Kingsbury Properties, Ltd.*, 1992 WL 380980, at *2 (S.D.N.Y. 1992) ("Pretrial matters involving discovery are generally considered nondispositive since they do not resolve the substantive claims for relief alleged in the pleadings.").

Under Rule 72(a), "[a] finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction

that a mistake has been committed." *Concrete Pipe and Products of Cal., Inc. v. Constr. Laborers Pension Trust for South. Cal.*, 508 U.S. 602, 622, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F.Supp.2d 70, 74 (N.D.N.Y. 2000) (citation and internal quotations omitted).

Fed. R. Civ. P. 26(b)(2)(c)(ii) requires that a "court must limit the frequency or extent of discovery otherwise allowed by these rules if it determines that . . . the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." As discussed above, although plaintiff was warned several times about impending discovery deadlines, she failed to adhere to these deadlines. Magistrate Judge Matsumoto demonstrated great patience with plaintiff's counsel and extended the time plaintiff could move to compel written discovery three times, the deadline for fact discovery numerous times, and ordered plaintiff to serve deposition subpoenas at least four times. Plaintiff's counsel failed to comply with these orders and deadlines. Magistrate Judge Matsumoto's Order closing discovery was not clearly erroneous and it is accordingly affirmed.

In the alternative, plaintiff moves to reopen discovery for six months. "[A]n application to reopen discovery should be denied where the moving party has not persuaded th[e] Court that it was impossible to complete the discovery by the established deadline." *Gotlin v. Lederman*, 2007 WL 1429431, at *3 (E.D.N.Y. May 7, 2007) (citations and internal quotation marks omitted); *see also* Charles A. Wright et al., 6A Federal Practice and Procedure § 1522.1 at 231 (party seeking to reopen discovery must show why the court's deadlines could not "reasonably" have been made "despite [its] diligence"). Plaintiff offers no explanation in her letter as to why the discovery now sought, presumably the depositions of Paterno and Schwed, was not obtained during the discovery period. In particular, the parties agreed on dates for the depositions plaintiff now seeks, but plaintiff failed to notice or take the depositions at the agreed times. To the extent plaintiff is seeking production of the documents Magistrate Judge Matsumoto already determined were not relevant to the case, plaintiff did not appeal that ruling in a timely fashion and her repeated request for these documents cannot be the basis for reopening discovery. There is no indication that the depositions of Paterno and Schwed could not have proceeded in the absence of these documents. Accordingly, plaintiff's request to reopen discovery is denied.

B. <u>Reinstatement of Claims Against First Unum</u>

Plaintiff further seeks reinstatement of her claims against
First Unum.  She cites no legal authority to support her
position, save ERISA § 510, codified at 29 U.S.C. § 1140, and
*Nicolaou v. Horizon Media, Inc*., 402 F.3d 325, 330 (2d Cir.
2005).  I considered plaintiff's arguments based on both these
authorities in my original decision on First Unum's motion to
dismiss and for summary judgment and rejected them.  *Burgie v.*
*Euro Brokers*, 482 F. Supp.2d 302, 314 (E.D.N.Y. 2007).

Insofar as plaintiff seeks reinstatement based on an
argument that I dismissed these claims due to bias, I addressed
this issue in my decision denying plaintiff's original motion for
recusal.  *Burgie v. Euro Brokers*, 2007 WL 669608 (E.D.N.Y. Feb.
28, 2007).  In finding that plaintiff had not stated grounds for
recusal, I noted "[t]hat petitioner has not prevailed in [her]
litigations does not demonstrate reason for recusal.  This
Court's legal and factual findings are detailed in its written
opinion on summary judgment which plaintiff is free to appeal."
*Id*. at *1 (citation and internal quotation marks omitted).[9]
Plaintiff could also have moved for reconsideration of my
opinion, but the time for doing so has long since expired.  *See*
Local Rule 6.3.

Accordingly, plaintiff's motion for reinstatement of her

---

[9]  As noted above, I granted plaintiff leave to replead her ADA claim
within thirty days, but she failed to do so.  *Burgie*, 482 F. Supp.2d at 308.

claims against First Unum is denied.

C. <u>Stay of Motion Practice</u>

Plaintiff requests that the "premature motion practice ordered by the Magistrate be halted immediately, as this is a further attempt to unlawfully dismiss this meritorious case." Mar. 28, 2008, letter at 3. Presumably, plaintiff refers to Magistrate Judge Matsumoto's Order that "to the extent that [Euro Brokers] intends to pursue its motion for summary judgment, it shall do so in the manner prescribed by Judge Sifton's motion practices." Mar. 14, 2008 Minute Entry and Order.

Plaintiff cites no authority in support of her request. The Federal Rules of Civil Procedure provide that a defending party "may move *at any time*, with or without supporting affidavits, for summary judgment on all or part of the claim." Fed. R. Civ. P. 56(b) (emphasis added); *see also Commer v. City of New York, District Council 37, Local 375*, 1999 WL 673046, at *4, n.5 (S.D.N.Y. 1999) (denying plaintiff's request that defendants make a showing of extraordinary cause to move for summary judgment prior to the close of discovery). For these reasons, I decline to preclude Euro Brokers from filing a motion for summary judgment. Accordingly, plaintiff's motion is denied.

D. <u>Euro Brokers' Motion For Entry of Judgment</u>

On March 30, 2006, Magistrate Judge Matsumoto ordered Pollack to pay to Euro Brokers $4,665.00 in legal fees, a

decision I affirmed on June 11, 2007.  Pollack has not paid that
sum to date.  Euro Brokers now seeks entry of judgment pursuant
to Fed. R. Civ. P. 58(d), which provides that "[a] party may
request that judgment be set out in a separate document as
required by Rule 58(a)."  Rule 58(a), in turn, provides that
"[e]very judgment and amended judgment must be set out in a
separate document," with exceptions not relevant herein.  Fed. R.
Civ. P. 58(a).  There is no dispute that Magistrate Judge
Matsumoto ordered Pollack to pay Euro Brokers the sum of
$4,665.00 on several occasions and that she has not done so.

Courts routinely enter judgment in the amount of sanctions
when an attorney fails to satisfy the amount of the sanction
award, even when the overarching litigation is not yet
terminated.  *See, e.g., Caidor v. Fed-Ex Home Delivery*, 2007 WL
2693609, at *6 (N.D.N.Y. Sept. 11, 2007); *Knipe v. Skinner*, 1993
WL 241329, at *1 (N.D.N.Y. June 25, 1993).

Pollak's opposition to this motion, dated August 1, 2008,[10]
does not address whether judgment should be entered against her,
but seeks to re-litigate the imposition of sanctions.  Pollak
raises essentially the same arguments she did before the
Magistrate Judge and, on appeal from that decision, this Court.
To the extent Pollak raises new arguments, they are untimely and

---

[10]  Pollak's submission is timely, as at oral argument on July 29, 2008,
I granted Pollak permission to file a response by the end of that week, which
was August 1, 2008.

this Court will not consider Pollak's improper attempt to revisit the propriety of the sanctions imposed against her, which this Court upheld in a June 11, 2007, Memorandum Opinion & Order.

Accordingly, Euro Brokers' motion for entry of judgment against Pollack in the amount of $4,665.00 is granted.

E.  Euro Brokers' Motion To Have Pollack Held in Contempt[11]

A contempt order is warranted only if the "moving party establishes by clear and convincing evidence that the alleged contemnor violated the district court's edict." *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995) (citing *Hart Schaffner & Marx v. Alexander's Dep't Stores, Inc.*, 341 F.2d 101, 102 (2d Cir. 1965)).  The movant must establish that "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *King*, 65 F.3d at 1058. (citing *New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir. 1989)).

There can be no dispute that Magistrate Judge Matsumoto's several orders were clear and unambiguous.  There is also no dispute that Pollack has not paid the required sanction. Accordingly, the first two prongs of the test are easily met.

---

[11]  Euro Brokers cites to 28 U.S.C. § 636(e), apparently on the belief that this motion would be before the assigned Magistrate Judge.

Pollack has not made any attempt to demonstrate an inability to pay, which would be a defense to this motion. *See Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995). Nor is there any indication she has attempted or intends to pay the sanction or taken steps to enable her to do so. Accordingly, the third prong is also met.

Nevertheless, given the posture of this case and the prospect of new counsel entering it, "a sanction of civil contempt and the consequences it would entail for [Pollack], an attorney, is more than is needed to remedy the situation." *Zerman v. Jacobs*, 814 F.2d 107, 109 (2d Cir. 1987) (declining to impose civil contempt on attorney who had been sanctioned on multiple occasions for filing frivolous lawsuits and appeals and who stated in open court that he would not pay the sanctions). Since a judgement against Pollack will be entered in the amount of Magistrate Judge Matsumoto's sanction, Euro Brokers has recourse to other civil remedies that would accomplish collection of the fees owed to it. *See id*.[12]

F. <u>Attorneys' Fees</u>

Euro Brokers, in one sentence in its Memorandum of Law in Opposition to Plaintiff's March 28, 2008 Submission and In Further Support of Euro Brokers Inc.'s Motion for Contempt, notes

---

[12] Denial of Euro Brokers' motion is without prejudice to a motion for attorney's fees incurred in the collection of the judgment.

that it also seeks attorney's fees and costs in connection with
Pollack's March 28, 2008, letter, pursuant to Fed. R. Civ. P. 11
and 28 U.S.C. § 1927.[13]  Euro Brokers also seeks attorney's fees
and fees incurred in responding to Pollak's August 1, 2008
submission.  Rule 11, however, requires that a motion for
sanctions, which may include payment of all the reasonable
attorney's fees resulting from the violation, be made separately
from any other motion.  Fed. R. Civ. P. 11(c)(2) and (4).  Nor
has Euro Brokers' provided any information by which the court
could determine the reasonable amount of fees incurred by Euro
Brokers in responding to plaintiff's March 28, 2008 and August 1,
2008 submissions, under either Rule 11 or § 1927.  To the extent
I construe Euro Brokers' conclusory requests as motions for
sanctions and attorney's fees, they are accordingly denied.

### Conclusion

For the reasons set forth above, plaintiff's motion is
denied in its entirety.  Defendant Euro Brokers' motion for entry
of judgment in the amount of $4,665.00 against Pollack is
granted, its motion for contempt is denied, and its motion for
attorney's fees and costs in connection with its responses to

---

[13]
    Any attorney or other person admitted to conduct cases in any
court of the United States or any Territory thereof who so
multiplies the proceedings in any case unreasonably and
vexatiously may be required by the court to satisfy personally the
excess costs, expenses, and attorneys' fees reasonably incurred
because of such conduct.

28 U.S.C. § 1927.

plaintiff's March 28, 2008 and August 1, 2008 submissions is denied. **Ms. Pollak is ordered to provide a copy of this opinion to plaintiff within 10 days of its filing and to notify plaintiff that she must appear before this Court by new counsel or *pro se* on or before October 22, 2008, at 4:30 p.m. Failure to do so may result in dismissal of the action for lack of prosecution.** The Clerk is directed to enter judgment in favor of Euro Brokers against Pollack in the amount of $4,665.00. The Clerk is further directed to transmit a copy of the within to all parties and the assigned Magistrate Judge.

SO ORDERED.

Dated :   Brooklyn, New York
          September 5, 2008

                    By: /s/ Charles P. Sifton (electronically signed)
                        United States District Judge